PATTERSON, Judge.
Julie Livingston challenges the trial court’s equitable distribution of the parties’ marital assets following their divorce. We have examined the record and conclude that we cannot review the distribution because the final judgment contains insufficient findings of fact. We therefore reverse the portions of the final judgment setting forth the distribution scheme and remand for further findings.
The Livingstons were married in 1974 and divorced in 1989. Their assets include lakefront acreage, which Julie received from her mother as an early inheritance, and a Scotty Muffler business begun during the marriage. The lakefront property was originally a nonmarital asset belonging to Julie, but the parties encumbered it with a mortgage and built a marital home upon it. Therefore, at least a portion of the property’s value became a marital asset.
The Livingstons financed the Scotty Muffler business with additional mortgages upon the lakefront property. The total debt on the property is between $76,000 and $88,000, and the property is worth between $105,000 and $150,000. The record does not indicate the value of the muffler business.
The trial court awarded Julie the entire lakefront property free and clear of any claim from Michael, but also made her responsible for the mortgages upon it. Michael received the muffler business and the total remaining marital debt of $36,000. Because the final judgment does not determine how much of the value of the lakefront property is marital or how much the muffler business is worth, evaluating the equity of this distribution is difficult. However, the parties’ circumstances and the amount and quality of debt apportioned to each leads us to question its fairness.
First, Julie is a teacher’s aide. She nets about $450 per month. The final judgment awards her $1,000 per month in undifferentiated child support, but that will cease when her youngest child, now eleven, reaches majority. She has put the only severable portion of the lakefront property up for sale, but even if she receives the asking price of $30,000 for it, she will still owe about $50,000 on the remainder.
Michael, on the other hand, nets $2,580 per month. After paying child support he has $1,580 per month, or $130 more than Julie. The only secured portion of his $36,-000 debt is $22,000 owed on his 1989 GMC truck. Of the remaining $14,000, Michael owes $5,000 to his father.
This distribution scheme leaves Julie with twice the debt Michael has and less income with which to pay it. Additionally, a large part of Julie’s debt is financing *65 Michael’s business. Because of this apparent unfairness, we reverse and remand with directions for the lower court to determine how much of the lakefront property’s value is a marital asset subject to distribution. We further direct the court to take testimony upon the value of the muffler business and, if appropriate, to reconsider the equitable distribution scheme in light of the new findings.
Reversed and remanded.
SCHEB, A.C.J., and FRANK, J., concur.